**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CARLOS WILLIAMS**                                                                  **PLAINTIFF**

**V.**                                          **4:08CV00077 JMM**

**HARTFORD LIFE AND ACCIDENT**
**INSURANCE COMPANY and GROUP**
**LONG TERM DISABILITY PLAN FOR**
**EMPLOYEES OF UNITED AGRI PRODUCTS**                          **DEFENDANTS**

**ORDER**

This case involves an ERISA claim for benefits under 29 U.S.C. Section 1132(a)(1)(B). Plaintiff, Carlos Williams, was an employee of United Agri Products ("UAP") and was a participant in the group long term disability plan provided by his employer. The benefits under the group plan were fully insured by a group policy number GLT 675033, which was underwritten by Hartford Life and Accident Insurance Company ("Hartford"). Hartford was also the claims handler for this ERISA disability plan. (AR-0018). Mr. Williams worked as a Location Manager for UAP. (AR-0587).

Mr. Williams had back surgery on July 29, 2004. He applied for long term disability benefits on December 28, 2004 based on severe degenerative disc disease and a secondary diagnosis of diabetes. By letter dated March 7, 2005, Hartford approved Plaintiff's claim for long term disability benefits concluding that Mr. Williams could not perform the duties of his "own occupation." Hartford approved the LTD benefits only through March 18, 2005 explaining that updated medical documentation was needed. (AR-0177).

After being denied Social Security disability benefits, Hartford notified Mr. Williams on October 24, 2005, that his LTD plan required him to appeal the Social Security decision and to request a hearing before an administrative law judge. Hartford advised that it would be beneficial

for Mr. Williams to enlist the services of an attorney and offered to assist with legal representation at "no cost to you." (AR-0480).

The Social Security Administration ("SSA") notified Mr. Williams by letter dated April 27, 2006, of its Fully Favorable - Notice of Decision. (AR-0434). The SSA's decision stated: "After a thorough evaluation of the entire record, it is concluded that the claimant has been disabled since July 29, 2004… He has the following impairments which are considered 'severe' under the Social Security Act and Regulations: degenerative disc disease of the lumbar spine (status post fusion on July 29, 2004) with postoperative radicular pain of the left hip, and hypertension. These impairments prevent him from performing work activity on a sustained basis at any exertional level." (AR-0436).

Kristin Vaughn-Petersen, Hartford's claims examiner, advised Mr. Williams by letter dated February 3, 2006, that his LTD benefits had been "extended beyond January 31, 2006" based on the medical information that Hartford had received. (AR-0444). Also on February 3, 2006, Hartford referred Mr. Williams file to its Special Investigation Unit.

By letter dated August 3, 2006, Hartford's Victoria J. Hauer notified Mr. Williams that "this office has initiated an investigation to determine if you will qualify for benefits on and after January 25, 2007. When we have completed our investigation, we will notify you regarding our determination." (AR-0367). Until January 25, 2007, Mr. Williams was within the 24-month period in which the Policy defined "Disabled" as being unable to perform your "own occupation." (AR-45, 176). After that date, the Policy defined "Disabled" as unable to perform "any occupation."

By letter dated January 23, 2007, Hartford notified that it had "determined that the

evidence submitted in support of your claim does not establish that you will continue to meet the Policy definition of Disability on or after January 25, 2007. Accordingly, LTD benefits are not payable to your under the terms of this Policy beyond January 24, 2007." (AR-0324).  The letter listed information which was relied upon to make the benefits determination, including video surveillance from February and May 2006.  The video surveillance showed Plaintiff driving a vehicle and tractor, operating a tractor to mow the law for approximately 3 hours, bending at that waist, balancing on a trailer, jumping up and down unhitching and hitching trailers to a vehicle, shoveling mulch and lifting. (AR-0327).  The letter went on to document an in-person interview between Hartford Investigator, John Welch, and the Plaintiff.  During the interview, Plaintiff stated that the activities observed in the video surveillance were his normal or average level of functionality.

    Hartford's denial cited a letter sent to Dr. Kenneth Rosenzweig, Plaintiff's pain management doctor, asking him to either agree or disagree that Plaintiff was capable of performing a sedentary level occupation on a full time basis with an allowance for a periodic change of position.  Dr. Rosenzweig agreed with this assessment.  Similar letters were sent to Dr. Rains, a psychiatrist who had treated Plaintiff in 2006.  Dr. Rains stated that this assessment was beyond the scope of his contact with Mr. Williams. (AR-0328).  Dr. Raul Ramirez, Plaintiff's internal medicine doctor, did not respond to the assessment letter.  However, Dr. Ramirez did discuss Plaintiff's case with a reviewing physician Dr. Gary Nudell, who is Board Certified in Internal Medicine.  According to Dr. Nudell's report, Dr. Ramirez stated that he felt that Plaintiff was limited by pain and depression.  Dr. Ramirez stated that Plaintiff had weakness of the left lower extremity on exam but that basically his assessment of Mr. Williams' pain had been based

on Mr. Williams' description. (AR-0328).

The denial letter went on to further outline the opinions of Dr. Nudell and Dr. Marcus Goldman, a reviewing physician who is Board Certified in Psychiatry. Dr. Nudell opined that Plaintiff was capable of performing sedentary work with the ability to take breaks every two hours with certain lifting restrictions. Dr. Goldman stated that Plaintiff's records did not support functional incapacity due to a psychiatric disorder. (AR-0330).

The letter listed occupations for which Plaintiff was qualified based upon his education, training, and experience. These occupations included commercial instructor supervisor, agricultural produce commission agent, market manager, and sales manager. In conclusion, the letter informed Plaintiff of his appeal rights.

Mr. Williams represented himself and sent in his appeal letter to Hartford dated April 6, 2007. (AR-0316-17). Included in the appeal was a letter from Dr. Ramirez dated April 3, 2007, which stated: "Mr. Williams has been under my professional care for over five years. He underwent a laminectomy and diskectomy, performed by Dr. Chan due to persistent radicular pain to lower extremities. Days after surgery he developed discitis requiring antibiotics. He has presented with pain, radicular type which is exacerbated by continuous activity. He does present significant limitations to do continuous work. He is capable of limited activity, but cannot continue prolonged physical work. In addition to the already explained, he is currently taking multiple antidepressant medications which further limit his ability to work. Because of all the above, he is permanently disabled." (AR-0318).

There was also a letter from Dr. Patrick Chan which stated: "I am the neurosurgeon that has treated Mr. Carlos Williams. The patient has not been able to work since about July 2004.

He has chronic disabling low back pain that has prevented him from being able to return to work. This patient is permanently disabled for any gainful employment." (AR-0319). However, according to the record, Plaintiff's last examination by Dr. Chan was in March 2005. (AR-0452).

While this appeal was pending, Plaintiff was referred by Dr. Rosenzweig to Dr. Reza Shahim for surgical removal of the fusion hardware in Plaintiff's back. Plaintiff underwent the surgery and according to his records, Plaintiff had no complications. Dr. Shahim opined that the surgery should reduce Plaintiff's symptoms but not completely cure them because he has significant joint disease. (AR-0250).

Hartford forwarded Plaintiff's file to Dr. Vernon Mark, a Board Certified Neurosurgeon. After talking to Dr. Rosenzweig and Dr. Shahim's nurse in addition to the review of Plaintiff's file, Dr. Mark concluded that Plaintiff was capable of doing sedentary to light work. (AR-0253).

By letter dated June 25, 2007, Hartford denied Mr. Williams' appeal. (AR-0252). The letter stated, "We are not disputing the existence of any medical conditions, only the severity of these conditions and how they would affect your functionality. The medical information reviewed does not support that your condition is of such a severity that you would be unable to perform any occupation." (AR-0253).

Mr. Williams has exhausted his administrative remedies. He filed suit in the Pulaski County Circuit Court against the Defendants on January 25, 2008. Defendants removed the matter to this Court on the same date. Both parties have filed Motions for Summary Judgment.

Standard of Review

ERISA provides for judicial review of disability benefit denial decisions. The Supreme

Court has recognized that a deferential standard of review is appropriate under 29 U.S.C. § 1132(a)(1)(B), if "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  The Plan provides that "[Hartford Life and Accident Insurance Company] have full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy." (AR -0051, 0043).  In other words, the Plan gives discretion to Hartford.  Therefore, the decisions of Hartford are subject to review for abuse of discretion by this Court. *King v. Hartford Life and Acc. Ins. Co.*, 414 F.3d 994 (8th Cir. 2005).

Plaintiff argues that the Court must apply a sliding scale review because of the procedural error/conflict of interest analysis under *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160-01 (8th Cir. 1998).  The Eighth Circuit has held that some less deferential standard of review is triggered where the plaintiff presents "material, probative evidence demonstrating that (1) a palpable conflict of interest ... existed, which (2) caused a serious breach of the plan administrator's fiduciary duty to her." *Woo,* 144 F.3d at 1160.  It is only after a plaintiff clears this initial "two-part gateway requirement," that a court should apply the "sliding scale approach." *Id.* at 1161.

Plaintiff claims that Hartford has a conflict of interest because it is the underwriter and claims handler of the Plan and, therefore, Hartford derives a financial benefit when it denies a claim.  The Eighth Circuit has stated, "As a general matter, when the insurer is also the plan administrator, we have recognized something akin to a rebuttable presumption of a palpable conflict of interest." *See Barnhart v. UNUM Life Ins. Co.,* 179 F.3d 583, 587-88 (8th Cir. 1999). Indicia of bias can be negated by ameliorating circumstances, such as an equally compelling

long- term business concern that militates against improperly denying benefits despite the dual role or a situation where the insurer/administrator is a non-profit entity that does not have a direct profit motive in denying claims. *See Farley v. Arkansas Blue Cross & Blue Shield,* 147 F.3d 774, 777 (8th Cir.1998)); *Schatz v. Mutual of Omaha Ins. Co.,* 220 F.3d 944, 947 -948 (8th Cir. 2000).

Under *Woo*, even if a Plaintiff can show conflict of interest, the conflict must have caused a serious breach of the Defendant's fiduciary duty.  "The alleged breach must be significant to trigger a less deferential review.  This second prong presents a considerable hurdle for plaintiffs." *Schatz v. Mutual of Omaha Ins. Co.,* 220 F.3d 944, 948 (8th Cir.2000) (quoting *Barnhart v. UNUM Life Ins. Co.,* 179 F.3d 583, 588 n. 9 (8th Cir.1999)).

In this case, there is no evidence that the Hartford committed a serious breach of its fiduciary duty.  The only complaint in Hartford's handling of the claim is that the claim was denied.  Hartford was prompt, conducted a reasonable review of the facts, and provided Plaintiff with a detailed and understandable explanation of the reasons the claim was denied.  Because there is no evidence of a breach of Hartford's fiduciary duty, the Court finds that the deferential standard of review is appropriate in this case.

In applying an abuse of discretion standard, the reviewing Court must affirm if a "reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." *Ferrari v. Teachers Ins. and Annuity Ass'n*, 278 F.3d 801, 807 (8th Cir. 2002).  A reasonable decision is one based on substantial evidence that was actually before the plan administrator.  Substantial evidence is defined as "more than a scintilla but less than a preponderance." *Schatz v. Mutual of Omaha Ins.*

*Co.*, 220 F.3d 944, 949 (8th Cir. 2000).  A reviewing court may consider both the quantity and the quality of evidence before a plan administrator.

The Court finds that the record supports the denial of benefits in this case.  Dr. Rains, who treated Plaintiff for six months for depression, stated that he had no opinion as to Plaintiff's work capacity and refused to discuss Plaintiff's condition with Hartford.  Dr. Ramirez, Plaintiff's primary physician, stated that Plaintiff was limited by pain and depression based upon Mr. Williams' description of his symptoms  (AR-0362).  However, Dr. Rosenzweig, the physician treating Plaintiff for pain, found Plaintiff to be capable of performing in a full-time seated-type function on November 27, 2006.  (AR-0358).

Further, Dr. Marcus Goldman, a psychiatrist, reviewed Plaintiff's history, medical records, and surveillance video and determined that the "data [did] not sufficiently support functional incapacity due to a psychiatric disorder."  (AR-0361).  Dr. Gary Nudell, an internal medicine physician, reviewed Plaintiff's records, the video surveillance, and discussed Plaintiff's condition with Dr. Ramirez on December 19, 2006.  Dr. Nudell opined that Mr. Williams was "capable of performing at a sedentary level of work with the ability to take breaks every two hours to change positions or stretch his back if needed."  (AR-0363).  Finally, Dr. Mark, a neurosurgeon, opined that Plaintiff was capable of sedentary to light duty work.  The most persuasive evidence, however, may be Plaintiff's own statements during the in-person interview with Hartford Investigator John Welch, Plaintiff's answers to Hartford questionnaires, and the video surveillance of Plaintiff's activities.

While it is apparent from the record that Plaintiff suffers from chronic pain, there is simply not enough evidence in the administrative record to support a finding that he is disabled

8

from all occupations. Plaintiff was given an opportunity to respond to Hartford's physician reports. Plaintiff was given a full and fair review of his claim. However, his medical documentation did not substantiate his disability and three physicians found that Plaintiff did not meet the definition of disabled under the policy. The Eighth Circuit has held that "a plan administrator has discretion to deny benefits based upon its acceptance of the opinions of reviewing physicians over the conflicting opinions of the claimant's treating physicians unless the record does not support the denial." *Dillard's Inc. v. Liberty Life Assur. Co. of Boston,* 456 F.3d 894, 899 -900 (8th Cir. 2006). It is well settled that "when a conflict in medical opinions exists, the plan administrator does not abuse his discretion by adopting one opinion, if reasonable, and finding that the employee is not disabled." *Smith v. UNUM Life Ins. Co. Of America*, 305 F.3d 789, 794 (8th Cir. 2002). The record supports Hartford's denial of Plaintiff's disability benefits.

Finally, Plaintiff argues that Hartford should be estopped from denying Plaintiff's disability benefits after compelling Plaintiff to pursue SSDI benefits and recovering an overpayment from Plaintiff. Plaintiff cites authority from other circuits on this issue. However, the Eighth Circuit has not adopted this line of reasoning. *See Riedl v. Gen. Am. Life Ins. Co.*, 248 F.3d 753, 759 n.4 (8th Cir. 2001) (SSA's determination is not binding but it is admissible evidence to support ERISA claim for LTD); *Ciulla v. Usable Life,* 864 F. Supp. 883, 888 (W.D. Ark. 1994) ("ERISA plans are not bound by Social Security determinations, and this court owes no deference to findings made under the Social Security Act.").

For these reasons, the Plaintiff's Motion (Docket # 7) is DENIED and the Defendant's Motion for Judgment on the Record (Docket # 11) is GRANTED. The Clerk is directed to close

the case.

       IT IS SO ORDERED this 5th day of May 2008.

                                                       James M. Moody  
                                                       United States District Judge